UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:09-bk-03876-PMG

IN RE:

CHARLES W PITNEY
JENNIFER E LYONS-PITNEY
_____/

ORDER CONFIRMING CHAPTER 13 PLAN
ALLOWING CLAIMS AND DIRECTING DISTRIBUTION

It having been determined after hearing on notice that the Plan complies with the provisions of 11 U.S.C. §1325,

Accordingly:

**IT IS ORDERED** that:

1. The Plan, dated September 15, 2009, is confirmed.

2. The balance of the interim funds shall be applied to the Confirmed Plan payments.

3. Payments shall be made by the Debtors in the amount of $805.00 each month for months 1 - 60. Payments shall be made to Douglas W. Neway, Trustee, at **P.O. Box 2079, Memphis, Tennessee 38101-2079.**

4. Notwithstanding and in addition to payments set out in 3 above, the Debtors shall fund this plan for the applicable commitment period, beginning on the date that the first payment is due under the Plan, using all disposable income to be paid to unsecured creditors.

5. The Trustee shall pay all claims provided for in the Plan for which proofs of claims have been filed. Distributions shall commence and be made by the Trustee on a monthly basis

following this Confirmation on secured and priority claims only. Distributions shall not commence to the allowed general unsecured claimants until after the claims bar date.

6. The Trustee shall make full disbursements in the following order:

    a. Commissions and costs as the Court may from time to time approve.

    b. Distributions to creditors who have filed claims and are ruled by the Court as priority, secured, or unsecured as set forth in the attached Exhibit A. Creditors whose claims are allowed as priority or secured shall be paid the amount shown on Exhibit A.

    c. Any claim or amended claim filed after September 28, 2009, unless specifically provided for in Exhibit A, shall receive no distribution.

7. Secured creditors shall retain their liens.

8. Any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtors' completion of the plan, unless specifically provided for in this order, or by further order of Court on motion filed prior to completion of the plan. Regardless of objection by the creditor, this provision specifically supersedes all language in any confirmed plan that states differently.

9. This Order is subject to any Objections, Motions to Value Claims, or Adversary Proceedings pending as of the date of the Confirmation Hearing. The requirement to object to secured mortgage claims that are filed prior to confirmation is waived as to the Chapter 13

Trustee and this confirmation shall have no res judicata effect on the Trustee's right to file and litigate any objections to mortgage claims for 60 days beyond the claims bar date.

10. The property of the estate revests in the debtor or in any other entity provided for by the debtor in the terms of the confirmed chapter 13 plan upon discharge of the debtor or, in the alternative, upon dismissal of the case.

11. The Debtors shall file all required post petition tax returns with the Internal Revenue Service and provide a copy of the tax return to the Chapter 13 Trustee by April 30th of the year following the taxable year. If the Debtors have properly filed an extension to file with the Internal Revenue Service and deliver a copy of the tax return to the Chapter 13 Trustee no later than 10 days after the extension date.

12. This Order supersedes any Adequate Protection Orders previously entered in this case and same shall be of no further force and effect.

13. Any objection filed by creditor which is not prosecuted at the confirmation hearing is deemed withdrawn and/or overruled by the entry of this Order.

14. The procedure for treatment of mortgage payment changes and escrow account adjustments during the life of the plan are as follows:

    a. Mortgage Creditors are required to file a Notice of Mortgage Payment Change setting forth the basis of the change, the amount of the new payment and the date the new payment becomes due. Said Notice shall be filed within a reasonable time prior to the occurrence of the payment change and served upon the Trustee, Debtor and Debtor's counsel.

    b. Upon receipt of the Notice, the Trustee shall take the following action:

        (1) If the new payment is less than the current payment, the Trustee shall reduce the payment to the creditor in accordance with the notice, and apply the difference to the unsecured distribution.

CHARLES W PITNEY
JENNIFER E LYONS-PITNEY

CASE NO: 3: 09-bk-03876-PMG

(2) If the new payment amount is greater than the current payment, the Trustee shall compute the additional amount needed to be paid by the Debtor and file a Notice of Plan Payment Change setting forth the new monthly payment and the new payment on the mortgage. If no objection is filed by a party of interest, the Notice of Plan Payment Change will be considered a modification to the confirmed plan requested by the Trustee pursuant to 11 U.S.C. Section 1329. Notice and hearing are waived inasmuch as no creditor will be adversely affected by such change.

**DONE AND ORDERED** at Jacksonville, Florida on October 22 2009.

Paul M. Glenn
Chief United States Bankruptcy Judge

# EXHIBIT A
## CASE NO: 3:09-bk-03876-PMG
## CHARLES W PITNEY and JENNIFER E LYONS-PITNEY

| | Creditor | Claim Type | | Claim Amount | Amount * Allowed | Monthly Payment | |
|---|---|---|---|---|---|---|---|
| | N/A Trustee Expenses | P | | | As set by U.S. Trustee | | |
| | ATTORNEY FOR DEBTORS | P | | $5,700.00 | $5,700.00 | $624.50 | 1 - 7 |
| | | | | | | $328.50 | 8 - 8 |
| | | | | | | $25.00 | 9 - 48 |
| | | | | | | $0.00 | 49 - 60 |
| | CITIMORTGAGE INC | M | ** | $0.00 | | Paid outside | |
| | ECAST SETTLEMENT CORPORATION | S | ** | $0.00 | $457.60 | $0.00 | 1 - 8 |
| | | | | | | $8.80 | 9 - 60 |
| 01 | HOMECOMINGS FINANCIAL | M | | $109,613.20 | $0.00 | $0.00 | 1 - 60 |
| 02 | VYSTAR CREDIT UNION | U | | $13,835.60 | $13,835.60 | P/R | |
| 03 | VYSTAR CREDIT UNION | U | | $9,901.75 | $9,901.75 | P/R | |
| 04 | VYSTAR CREDIT UNION | U | | $16,911.97 | $16,911.97 | P/R | |
| 05 | ROUNDUP FUNDING, LLC | U | | $4,633.37 | $4,633.37 | P/R | |
| 06 | FIDELITY BANK | S | | $15,933.99 | $18,930.73 | $100.00 | 1 - 8 |
| | | | | | | $348.67 | 9 - 60 |
| 07 | ROUNDUP FUNDING, LLC | U | | $13,799.53 | $13,799.53 | P/R | |
| 08 | ECAST SETTLEMENT CORPORATION | U | | $1,132.54 | $1,132.54 | P/R | |
| 09 | ECAST SETTLEMENT CORPORATION | U | | $7,851.00 | $7,851.00 | P/R | |
| 10 | ECAST SETTLEMENT CORPORATION | U | | $21,466.08 | $21,466.08 | P/R | |
| 11 | CHASE BANK USA NA | U | | $444.66 | $444.66 | P/R | |
| 12 | PRA RECEIVABLES MANAGEMENT | U | | $15,901.00 | $15,901.00 | P/R | |
| 13 | PRA RECEIVABLES MANAGEMENT | U | | $15,901.00 | $15,901.00 | P/R | |

### Debtor Payment Schedule

| StartDate | Number of Months | PaymentAmount |
|---|---|---|
| June 13, 2009 | 1 - 60 | $805.00 |

Copies to:
Debtors
Keith D. Collier, Esquire
Douglas W. Neway, Trustee
All Interested Parties

Claim type code:
- P  Priority
- S  Secured
- M  Mortgage
- U  Unsecured
- D  Claim Disallowed
- SV  Claim Valued
- *  Includes interest, if applicable
- #  Filed after original Exhibit-A entered
- SC  Surrender Collateral
- SA  Arrearage
- MA  Mortgage Arrearage
- P/R  Pro-rata
- L  Late Claim
- **  No Claim filed